UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-00480 AG (KESx); and SACV 17-00478 AG (JDEx) | Date | June 7, 2017 |
|---|---|---|---|
| Title | IRMA CASTILLO ET AL. v. MTC FINANCIAL, INC. ET AL.; and CAROL CURTIS ET AL. v. MTC FINANCIAL, INC. ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |

**Proceedings:** **[IN CHAMBERS] ORDER REMANDING CASTILLO CASE AND GRANTING MOTION TO DISMISS CURTIS CASE**

Both of these cases began in state court when several plaintiffs sued Defendants MTC Financial Inc. ("MTC") and JPMorgan Chase, N.A. ("Chase"), among others, for foreclosure related claims. Defendants multifurcated the case so plaintiffs had to individually proceed against Defendants. Next, Defendants changed the venue for some of those severed cases, depending on the location of each subject property. Defendants then removed both of these cases to this Court, invoking the Court's federal question jurisdiction. And now, each Defendant moves to dismiss this case under Federal Rule of Civil Procedure 12(b)(6).

**1.    LEGAL STANDARD**

A court will grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) if the complaint does not allege claims upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A claim for relief must be plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-00480 AG (KESx); and SACV 17-00478 AG (JDEx) | Date | June 7, 2017 |
|---|---|---|---|
| Title | IRMA CASTILLO ET AL. v. MTC FINANCIAL, INC. ET AL.; and CAROL CURTIS ET AL. v. MTC FINANCIAL, INC. ET AL. | | |

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In analyzing the complaint's sufficiency, a court must "accept[] all factual allegations in the complaint as true and constru[e] them in the light most favorable to the nonmoving party." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).

In dismissing a complaint, a court must also determine whether the plaintiff should be granted leave to amend. "A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (internal citation omitted). *See also*, *Steckman v. Hart Brewing*, 143 F.3d 1293, 1298 (9th Cir. 1998) (holding that pleadings may be dismissed without leave to amend if amendment "would be an exercise in futility.").

## 2.    ANALYSIS

As a preliminary point, the Court has taken judicial notice of all documents that may be properly judicially noticed. Now, the Court first turns to Irma and Pedro Castillo's complaint before analyzing Curtis' complaint.

### 2.1.    The Castillos' Case

There are some issues with the way the Castillos are prosecuting their case. First, the Castillos have failed to file an opposition against either of the motions pending against them, even though the Court continued the hearing date for MTC's motion to dismiss. In the Central District of California, an "opposing party" must submit an opposition or a statement that the party won't oppose the motion. C.D. Cal. L.R. 7-9. "The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." C.D. Cal. L.R. 7-12. But that problem is trumped by another issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-00480 AG (KESx); and SACV 17-00478 AG (JDEx) | Date | June 7, 2017 |
|---|---|---|---|
| Title | IRMA CASTILLO ET AL. v. MTC FINANCIAL, INC. ET AL.; and CAROL CURTIS ET AL. v. MTC FINANCIAL, INC. ET AL. | | |

That other issue is that the first amended complaint ("FAC") should be the operative complaint here but the Castillos' name appears *solely* in the caption of that complaint. When the plaintiffs were in state court, they were all represented by an attorney. Then their attorney was suspended from the practice of law and some of the plaintiffs obtained new counsel and filed the FAC. Curtis was among those plaintiffs, but the Castillos weren't. So now, no description of the Castillos, their property, or their claims appear in the body of the FAC. Thus, it appears that the operative complaint for the Castillos has to be their original complaint. (Dkt. No. 1-2.) This creates a problem that Defendants seem to be ignoring: the Court has no subject matter jurisdiction over the Castillos' case. Under the "well-pleaded complaint rule, . . . federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The FAC states some federal claims but the original complaint only alleges state law claims. And the basis of the removal here was federal question jurisdiction, along with supplemental jurisdiction. So the Castillo case has to be remanded to the state court for lack of subject matter jurisdiction.

### 2.2. The Curtis Case

Curtis also has an issue with properly prosecuting the case, although a minor one compared to the Castillos. Curtis' opposition to Chase's motion to dismiss was filed a week late. And as already stated, filing a late opposition may be deemed consent to granting this motion against Curtis. C.D. Cal. L.R. 7-12. But the Court will still address some of the merits of Chase's motion here.

First, there is the issue of multiple pending motions. At oral arguments, there was some confusion about whether the Court had addressed what was to happen with MTC's motion to dismiss. But the Court's tentative had actually and explicitly addressed that issue: "Since Chase's argument regarding claim preclusion disposes of the entire case, it's unnecessary to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-00480 AG (KESx); and SACV 17-00478 AG (JDEx) | Date | June 7, 2017 |
|---|---|---|---|
| Title | IRMA CASTILLO ET AL. v. MTC FINANCIAL, INC. ET AL.; and CAROL CURTIS ET AL. v. MTC FINANCIAL, INC. ET AL. | | |

address the rest of Chase's arguments and MTC's motion to dismiss." The Court's conclusion that Chase's motion should be dispositive of the entire case was further bolstered during oral arguments when it was conceded that Curtis had no substantive response to dismissing the case against MTC as well. The Court now turns to Chase's motion to dismiss.

Chase argues that Curtis' claims are barred under the doctrine of claim preclusion. "Res judicata, or claim preclusion, prohibits lawsuits on any claims that were raised or could have been raised in a prior action." *Stewart v. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (emphasis in original) (internal quotation marks omitted). The elements of claim preclusion are "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Headwaters Inc. v. United States Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005). State law applies to determine the preclusive effect of a state court ruling. *Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988). And in California, claim preclusion bars any claims based on the same primary rights. *See Goddard v. Security Title Ins. & Guarantee Co.*, 14 Cal.2d 47, 52, 54 (1939).

The second and third elements are easily met here. In 2011, Curtis, along with over 400 other plaintiffs, sued Defendants in the case *Potter et al. v. JPMorgan Chase Bank, N.A., et al.*, Los Angeles Superior Court, Case No. BC459627. That action involved the same property and deed of trust at issue in this case. In the 2011 case, Curtis alleged that Defendants wrongfully duped Curtis into obtaining their loans and wrongfully transferred the loans, among other things. The 2011 case reached a final decision on the merits sufficient for preclusive effects to apply. The case was dismissed after the state court considered a fourth amended complaint. And final judgment was entered against plaintiffs. (Dkt. No. 16-8); *see* Fed. R. Civ. P. 41(b) (Any dismissal "except one for lack of jurisdiction, improper venue, or failure to join a party . . . operates as an adjudication on the merits," unless the dismissal order states otherwise.).

Curtis argues that the first element isn't met because the notice of default wasn't even

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-00480 AG (KESx); and SACV 17-00478 AG (JDEx) | Date | June 7, 2017 |
|---|---|---|---|
| Title | IRMA CASTILLO ET AL. v. MTC FINANCIAL, INC. ET AL.; and CAROL CURTIS ET AL. v. MTC FINANCIAL, INC. ET AL. | | |

recorded until 2015 so it couldn't have been the subject of litigation in 2011. But while that is true, almost all of the claims in the FAC revolve around the invalidity of the deed of trust, *not* the invalidity of the notice of default. The only claim in the FAC that relies on a faulty notice of default is claim 5—Cancellation of Instrument. Only part of that claim can survive claim preclusion. Curtis wants cancellation of the deed of trust, cancellation of the assignment of the deed of trust, and cancellation of the notice of default. The cancellation of the deed of trust and its assignment are precluded since those could have and were the subject of litigation in the 2011 case, but the cancellation of the notice of default is not precluded. Thus, the only claim left standing is a claim for the cancellation of the notice of default.

But that claim cannot stand alone. Cancellation of an instrument is an equitable remedy. Both parties agree that tender is generally required for the equitable remedy of cancellation of instruments. *See Fleming v. Kagan*, 189 Cal.App.2d 791, 796 (1961). Curtis states that there is an exception to the tender requirement when a plaintiff alleges that the deed of trust, which gives the power to execute a nonjudicial foreclosure, is void. But as already stated, Curtis is precluded from claiming that the deed of trust is void. Thus, that exception doesn't apply here. And since Curtis doesn't allege that she tendered or is presently able to tender the full debt due for the subject property, the cancellation of instrument claim fails as well. *See Aguilar v. Bocci*, 39 Cal.App.3d 475, 478 (1974).

In sum, all claims in Curtis' FAC fail and amendment would be futile. *See Steckman*, 143 F.3d at 1298.

**3.     DISPOSITION**

The Court **REMANDS** the Castillo case back to the Orange County Superior Court, for lack of subject matter jurisdiction. (SACV 17-00480 AG (KESx).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-00480 AG (KESx); and SACV 17-00478 AG (JDEx) | Date | June 7, 2017 |
| Title | IRMA CASTILLO ET AL. v. MTC FINANCIAL, INC. ET AL.; and CAROL CURTIS ET AL. v. MTC FINANCIAL, INC. ET AL. | | |

The Court **GRANTS** Chase's motion to dismiss Curtis' complaint WITHOUT LEAVE TO AMEND. (SACV 17-00478 AG (JDEx), Dkt. No. 14.) A short judgment will be issued against Curtis and for Defendants.

                                                                                                                                                            :   0

                                             Initials of Preparer    lmb